### OSOWICKI *v.* FERRICK.

JUSTICES' COURTS — NON-RESIDENT PLAINTIFF — LABOR CLAIM — SECURITY FOR COSTS.

> 3 How. Stat. § 7717*e,* which provides that, in any suit to recover for the personal labor of the plaintiff, security for costs "shall not be ordered" if the plaintiff shall make and file an affidavit that he has a meritorious cause of action and is unable to give such security, does not apply to a plaintiff in justice's court who is a non-resident of the county, and as such is required by 2 How. Stat. § 6824, to give security for costs before the issuance of process.

Error to Gogebic; Haire, J.   Submitted June 4, 1895. Decided July 2, 1895.

*Assumpsit* by Fabian Osowicki against August Ferrick for labor performed.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*Julius J. Patek,* for appellant.

*John D. Barry,* for appellee.

MONTGOMERY, J.   This is an appeal from a judgment of the circuit court of the county of Gogebic affirming a judgment of a justice of the peace dismissing plaintiff's action for his failure to give security for costs.   The sole question presented is whether section 7717*e,* 3 How. Stat., should be so construed as to excuse a non-resident plain-

tiff who sues to recover a labor claim from giving security for costs. That section reads:

"In any suit brought to recover for the personal work and labor of the plaintiff, security for costs *shall not be ordered* in case the plaintiff shall make and file with the court an affidavit that he has a good and meritorious cause of action, and is unable to procure security for costs."

Section 6824, 2 How. Stat., provides that—

"Any justice of the peace may, * * * in his discretion, require security of the plaintiff for any costs which may be adjudged against him in any action; * * * and in all cases plaintiffs who are not residents of the county in which the suit is brought shall give such security before process shall issue."

It is, we think, clear that the section first quoted is limited in its scope, and was intended to prohibit justices' or other courts from ordering security for costs in cases where such an order was under the earlier statute discretionary. The language is not intended to excuse the plaintiff from furnishing security in cases where the statute in terms requires it without any previous order of the court. See *Anon.*, 10 Abb. N. C. 80, and *Christian* v. *Gouge*, Id. 82.

Judgment affirmed, with costs.

The other Justices concurred.